**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

In re:

Tyla Monet Mazyck and A/A/O Wife, Debtors

Case No. 25-12652-MEW

Chapter 7

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)**

Creditor-Movant:

Yerilee Atkinson Vélez

## I. INTRODUCTION

Creditor Yerilee Atkinson Vélez ("Movant") respectfully moves this Court for an order granting relief from the automatic stay pursuant to 11 U.S.C. §362(d), for the limited purpose of permitting the Bronx Civil Court to adjudicate the amount and liability of the debt arising from unpaid rent under a joint residential lease.

Movant seeks no collection of assets from the estate at this time — only liquidation of the claim already pending in state court.

Because the state case was fully briefed and set for hearing, and because the Debtor filed this petition immediately after adverse developments in that case, Movant further requests emergency treatment of this motion.

## II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§157 and 1334.

This matter is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (G).

Venue is proper under 28 U.S.C. §1408.

### III. STATEMENT OF FACTS

1. Movant and the Debtor were co-tenants under a residential lease at 2455 Third Avenue, Apt. 19G, Bronx, NY, subject to joint and several liability.

2. By written communication, the Debtor agreed that her share of the rent was $1,703.00 per month.

3. At no time during the tenancy did the Debtor ever remit a full monthly rental share of $1,703.00.

   Her payments were partial, sporadic, and insufficient to satisfy her monthly obligation.

4. In March 2025, Debtor submitted a $4,900 lump sum, but this payment did not satisfy the arrears accumulated from prior months.

5. After this payment, the Debtor made no further payments. Movant paid the remaining rent every month to prevent default and eviction.

6. On March 30, 2025, the Debtor abandoned the apartment without prior notice to Movant and without settling her arrears.

7. The Debtor later executed a unilateral lease release, made retroactive to March, without Movant's consent.

   Management then applied the joint $4,464.09 security deposit (of which $2,247.05 belonged to Movant) without compensation to Movant.

8. Movant initiated a civil action in Bronx Civil Court:

   Atkinson Vélez v. Mazyck, Index No. CV-006582-25/BX.

9. On September 29, 2025, Debtor filed a motion to dismiss that action. The case was set for argument December 1, 2025.

10. On October 14, 2025, less than two weeks later, Debtor filed Chapter 7 bankruptcy, immediately halting the state court's ability to adjudicate the matter.

11. Bronx Civil Court has now issued a control date of April 30, 2026, but cannot proceed unless this Court modifies the stay.

## IV. LEGAL STANDARD

Under 11 U.S.C. §362(d)(1), relief from stay shall be granted "for cause." Courts consistently find "cause" where:

- litigation is already pending,

- state court is the better forum to determine liability,

- the bankruptcy filing appears timed to evade adjudication, or

- the matter involves purely state law issues.

## V. GROUNDS FOR RELIEF

### A. Cause Exists Because the State Court Is the Proper Forum

The Bronx Civil Court has jurisdiction over landlord–tenant contribution claims.

The case is already pleaded, scheduled, and ready for adjudication.

Allowing the state court to liquidate Movant's claim will:

- not harm the estate,

- not interrupt administration,

- assist the trustee in determining whether the debt is nondischargeable and/or incurred in bad faith.

### B. Cause Exists Because the Bankruptcy Was Filed to Delay Litigation

Filing:

- after losing a pre-trial conference,

- after receiving a state-court control date, and

- after years of chronic nonpayment

is strong evidence of bad faith under §707(b) and §362(d)(1).

### C. Movant Seeks Only Liquidation of the Claim, Not Collection

Movant is not seeking to garnish wages, seize assets, or collect outside the bankruptcy process.

Movant seeks only:

- a ruling on liability, and

- a fixed dollar amount.

Collection would remain subject to bankruptcy processes unless the claim is found nondischargeable later under §523.

## VI. EMERGENCY CONSIDERATION IS WARRANTED

Emergency treatment is requested because:

1. The state court matter was already scheduled and delayed solely due to the bankruptcy.

2. Movant continues to suffer prejudice from the inability to resolve liability and damages.

3. A control date of April 30, 2026 has been set but is useless without stay modification.

4. The Debtor has shown a pattern of using court filings (TRO, civil delays, bankruptcy) to stall adjudication.

## VII. REQUEST FOR WAIVER OF THE FILING FEE

Movant respectfully requests waiver of the filing fee because:

1. Movant is an individual creditor, not a commercial entity.

2. Movant already paid the Debtor's rent obligations to avoid eviction.

3. The Debtor filed bankruptcy strategically, causing Movant additional and unnecessary expenses.

4. Allowing Movant to liquidate her claim will benefit the estate, the trustee, and judicial efficiency.

## VIII. RELIEF REQUESTED

Movant respectfully requests that this Court:

1. Modify the automatic stay to permit:

   a. The Bronx Civil Court to determine liability and the amount of Movant's claim;

   b. Movant to continue litigating Index No. CV-006582-25/BX through judgment.

2. Grant emergency consideration of this motion.

3. Waive the filing fee associated with this motion.

4. Grant such other and further relief as the Court deems just.

## IX. DECLARATION OF YERILEE ATKINSON VÉLEZ

I, Yerilee Atkinson Vélez, declare under penalty of perjury:

● I paid rent every month to prevent eviction because the Debtor did not pay her share.

● The Debtor never made a full monthly rent payment.

● The $4,900 payment did not cover her arrears.

● She abandoned the apartment on March 30, 2025.

● I suffered financial loss due to her nonpayment and unilateral lease release.

● I only seek permission for the state court to determine the amount owed.

December 2, 2025

Yerilee Atkinson Vélez